## NG HIN FOOK v. JOHNSON.

(District Court, D. Massachusetts.   May 20, 1924.)

No. 2600.

Habeas corpus &⇒92(1)—Decision of immigration officers on facts conclusive.

On petition for habeas corpus to discharge Chinaman in custody of Commissioner of Immigration, decisions of administrative officers on questions of fact are conclusive, if supported by evidence.

Habeas Corpus.   Petition for writ by Ng Hin Fook against John P. Johnson.   Petition denied.

Everett F. Damon, of Boston, Mass., for plaintiff.
Robert O. Harris, U. S. Atty., and John W. Schenck, Sp. Asst. U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge. This is a petition for writ of habeas corpus to discharge Ng Hin Fook, now in the custody of the Commissioner of Immigration.

Ng Hin Fook claims to be a son of Ng Saing, a native-born citizen of the United States, now deceased. The citizenship of Ng Saing is admitted. The only question presented by the record is whether Ng Hin Fook is the son of Ng Saing. This is a question of fact, and the decision of the administrative officers upon it is conclusive and binding upon this court, if there was any evidence at all to warrant the decision.

At the hearing before the board of special inquiry the applicant and his alleged brother testified. There were several discrepancies in this testimony, of such importance that the board was not satisfied that Ng Hin Fook was the son of Ng Saing. The most important error related to the time when his alleged father returned to China from the United States; the applicant testifying that his father returned only a few months before his death in 1918, whereas there was other testimony tending to show the obvious fact that his father returned to China some 10 years earlier.

On appeal, the excluding decision was upheld. As a consequence this petition for habeas corpus was brought. At the hearing thereon, upon the suggestion of counsel for both the relator and the government, the case was remanded to the Immigration Commissioner for further hearing, in order that additional testimony bearing upon the relationship of the applicant might be received. At this rehearing Ng Hin Fook was again questioned regarding the time when his father returned to China from the United States, and this time his answer was correct; but, when asked to explain why he testified as he did at the first hearing, his replies were not at all satisfactory or convincing, and, moreover, the testimony of the additional witness on the question of relationship did not fit in with the testimony of other witnesses. The result was that the board of special inquiry and the reviewing authorities at Washington refused to disturb their former decision. It is conceivable that those charged with the administration of the law

attached undue significance to the discrepancies, or failed to attach sufficient importance to the fact that the applicant was able to correct his mistakes unassisted; but it is not for this court to weigh the evidence. The decision of the immigration authorities to exclude this applicant cannot be reviewed upon habeas corpus, unless the administrative officers have manifestly abused the power and discretion conferred upon them. Tulsidas v. Insular Collector, 262 U. S. 258, 43 Sup. Ct. 586, 67 L. Ed. 969. In this case, as in the case of Soo Hoo Doo Hon v. Johnson (D. C.) 281 Fed. 870, the question turned on the credibility of witnesses.

It does not seem necessary to dwell further upon the evidence considered by the immigration tribunal. It is sufficient that upon the record it cannot be held that this tribunal acted arbitrarily or unfairly in refusing to decide that the relationship of the applicant to the late Ng Saing had been established.

Petition denied.